1980443-02

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **FRANK GROUP, LTD.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 5:20-CV-68** |
| | § | |
| **TRAVELERS PROPERTY CASUALTY** | § | |
| **COMPANY OF AMERICA** | § | |
| | § | |
| **Defendant** | § | |

## DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 49th Judicial District Court, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

### I.
### INTRODUCTION

1.       On March 23, 2020, Plaintiff **FRANK GROUP, LTD.** filed its original petition in the 49th Judicial District Court, Webb County, Texas captioned *Frank Group, Ltd. v. Travelers Property Casualty Company of America*, Cause Number 2020CVH000621D1 (the "State Court Action").

2.       Citation for the State Court Action was served on Defendant Travelers on April 10, 2020.

1980443-02

## II.
## BASIS FOR REMOVAL

3.      This Court has original jurisdiction over this Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.      The Plaintiff seeks monetary relief of over $100,000.00.  *See* Exhibit A-1 at paragraph 46, page 12.  Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

5.      For diversity purposes, the citizenship of a limited partnership is determined by the citizenship of all of its partners.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). A corporation is a citizen of every state and foreign state by which it has been incorporated, and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)1.

6.      Exhaustive research of available public information does not reveal a Texas Limited Partnership named Frank Group, Ltd. Rather, the name used in public filings was originally Frank Group Limited Partnership and the name was amended to Frank Group Properties Limited Partnership in 2009. *See* Exhibit "B". A search of the records from the Texas Secretary of State for any entities associated with "Frank Group" does not identify an entity named Frank Group, Ltd. See Exhibit "C". Upon information and belief, Frank Group, Ltd. is simply the shorthand version of Frank Group Properties Limited Partnership (previously named Frank Group Limited Partnership). Defendant's research indicates that all individuals and entities associated with "Frank Group" are Texas Citizens.  Uriel Druker, who is one of the attorneys representing Frank Group, Ltd. in this case is the Secretary and registered agent for Frank Group Properties Limited Partnership.  *See* Exhibit "D".  Defendant assumes that Plaintiff complies with State requirements and if Frank Group, Ltd. and Frank Group Properties Limited Partnership were in fact two (2) separate entities, there would

1980443-02

be public documents for "Frank Group, Ltd."  Therefore, the publicly available records prove that Frank Group, Ltd. was at one time Frank Group Limited Partnership but due to an amended Certificate of Limited Partnership changed its name to Frank Group Properties Limited Partnership.

7.     Limited partnerships are owned by partners.  The 2019 Texas Franchise Tax Public Information Report lists Las Plazas of Laredo, Inc. as the general partner of Frank Group Properties Limited Partnership. *See* Exhibit "E". The general partner of Frank Group Limited Partnership originally was Las Plazas of Saunders, Inc. *See* Exhibit "B". Las Plazas of Saunders, Inc. was at one time a Texas Corporation but amended its name to Las Plazas of Laredo, Inc. in April of 1996. See Exhibit "F". It appears that after April of 1996, there was no longer a corporation named Las Plazas of Saunders, Inc. but Frank Group Limited Partnership did not amend the identity of its general partner until May of 2009. *See* Exhibit "B". At that time Frank Group Limited Partnership changed its name to Frank Group Properties Limited Partnership and at the same time amended the general partner from Las Plazas of Saunders, Inc. to Las Plazas of Laredo, Inc. See Exhibit "B". Therefore, although somewhat confusing, the publicly available records from the Texas Secretary of State prove that  the  general partner of Frank Group Properties Limited Partnership is Las Plazas of Laredo, Inc. which is a Texas Corporation. See Exhibit "G". As stated above, a corporation is a citizen of every state where it is incorporated. See 28 U.S.C. 1332(c)1.

8.     Every individual and entity listed in Public records and associated with Frank Group Properties Limited Partnership has a Texas address and all are Texas citizens. *See* Exhibits "B", "C" and "D".  Therefore, upon information and belief any limited partner of Frank Group Properties Limited Partnership is a citizen of Texas.  Further, Defendant has also researched all available names associated with Frank Group Properties Limited Partnership in the public records of Connecticut including:

1980443-02

Frank Group, Ltd.

Frank Group Properties Limited Partnership

Las Plazas of Saunders, Inc.

Las Plazas of Saunders, Ltd.

Las Plazas of Laredo, Inc.

There are no public listings for any of these entities in Connecticut. See Exhibit "G". As Travelers is a Connecticut Corporation, there is complete diversity.

9.      Defendant is allowed to assert diversity of jurisdiction on information and belief after consulting all publicly available sources.  *See Rollins v. Fitts*, No. 1:18-CV-198-GHD-DAS, 2019 WL 138166 at *2 (N.D. Miss. January 8, 2019). Citizenship allegations based on information and belief  are sufficient for removal, if unrebutted. *Volentine v. Beehel, Inc.*, 209 F. 3d 719 at *2 (5th Cir. 2000).

10.     Defendant asserts, based on information and belief that any owner of Frank Group, Ltd. is a citizen of Texas, or alternatively that any owner of Frank Group, Ltd. is not a citizen of Connecticut.

11.     Defendant Travelers Property Casualty Company of America at the time of the filing of this action, at the time of this removal, and at all relevant times since and is currently, a citizen of the State of Connecticut because it is a Connecticut corporation with its principal place of business in the State of Connecticut.

12.     This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

1980443-02

13.     This Notice of Removal is filed within thirty (30) days after service on Defendant of the State Court Action.   This Removal is also being filed within one year of the filing of Plaintiffs' Original Petition by which the State Court Action was commenced.  This Notice, therefore, is timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

14.     In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 49TH Judicial District Court, Webb County, Texas.

15.     Defendant reserves the right to amend or supplement this Notice of Removal.

16.     The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a)     an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b)     a copy of the docket sheet in the State Court Action;

(c)     a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d)     a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully requests that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: May 1, 2020.

1980443-02

Respectfully submitted,

BROCK ♦ GUERRA
STRANDMO DIMALINE JONES, P.C.

By: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
bscheihing@brock.law
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following counsel of record through the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure on this 1st day of May, 2020.

Vincenzo J. Santini                              Email: vince@vosslawfirm.com
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas  77380

Uriel Druker                                     Email: uriel@drukerlawfirm.com
Gonzalez Druker Law Firm
1119 Houston St.
Laredo, Texas 78040

_____
ROBERT F. SCHEIHING